UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORYS COFFEE TRADE LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>HIPCUP INC.,<br><br>                Defendant. | Docket No.:  17-cv-09939<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gregorys Coffee Trade LLC ("Gregorys" or "Plaintiff"), by and through its undersigned attorneys, White and Williams LLP, for its Complaint against Defendant HipCup Inc. ("HipCup" or "Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for: (1) infringement of Gregorys' federally-registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (4) substantial and related claims under the statutory and common laws of the State of New York, all arising from Defendant HipCup's unauthorized use of an altered version of certain registered and common law trademarks owned by Gregorys.

2. Gregorys brings this action seeking to put an immediate stop to, and to obtain redress for, HipCup's blatant and purposeful infringement of Gregorys' rights in and to various trademarks owned entirely by Gregorys.

3. Gregorys owns the marks in question and uses these marks in connection with, *inter alia*, the operation of its coffee shops, restaurants, and café services.

4. The first of the three marks at issue, the Gregorys Coffee design trademark ("the Design Mark"), has been registered with the United States Patent and Trademark Office ("USPTO") under Registration Number 4,373,967 since July 30, 2013. The Design Mark features the outline of a male face with unruly hair appearing in a circle, with eyeglasses composed of two coffee mugs. Below is a reproduction of the Design Mark:



5. The second of the three marks at issue, the first Gregorys Coffee eye glasses trademark (the "First Glasses Mark"), has been registered with the USPTO under Registration Number 5,117,461 since January 10, 2017. The First Glasses Mark features the coffee mugs-as-eyeglasses design contained within the Design Mark. Below is a reproduction of the First Glasses Mark:



20040887v.1

-3-

6. The third of the three marks at issue, the second Gregorys Coffee eye glasses trademark (the "Second Glasses Mark"), has been used in commerce by Gregorys' since at least August 1, 2011, and is currently the subject of a pending registration application filed with the USPTO on November 17, 2016. The Second Glasses Mark features the coffee mugs-as-eyeglasses design contained within the Design Mark. Below is a reproduction of the Second Glasses Mark:



7. The Design Mark, First Glasses Mark, and Second Glasses Mark (collectively, the "Gregorys Coffee Marks") all share the common element of eyeglasses composed of two coffee mugs.

8. Defendant HipCup sells coffee and coffee products, and is a competitor of Gregorys. Recently, Gregorys discovered that HipCup was offering its goods and services utilizing a slightly altered version of Gregorys Design Mark (the "Infringing Mark"). The Infringing Mark features the outline of a male face with unruly hair appearing in a circle, with eyeglasses composed of two coffee mugs. Below is a reproduction of HipCup's Infringing Mark:



20040887v.1

9. HipCup is utilizing the Infringing Mark, which completely incorporates the distinctive Gregorys Coffee Marks' features of a male face with unruly hair appearing in a circle with eyeglasses composed of two coffee mugs, without seeking or obtaining permission or authorization of any kind from Gregorys. Such conduct constitutes a violation of Gregorys' exclusive rights as owner of the Gregorys Coffee Marks.

10. HipCup's conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Gregorys. HipCup's conduct must immediately be stopped, and Gregorys must be compensated for HipCup's will acts of infringement.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

13. Gregorys is a limited liability company organized and existing under the laws of the state of New York, with its principal place of business located at 263 West 38th Street, Suite 15E, New York, New York 10018.

14. Gregorys is a well-known and rapidly growing purveyor of high quality coffee and coffee-related beverages and other products. Gregorys owns and operates twenty-six (26) restaurant and café locations in and around the New York City area and New Jersey.

15. HipCup is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 2660 Gerritsen Avenue, Brooklyn, New York 11235.

16. HipCup sells coffee and coffee-related beverages across the country, including, upon information and belief, in this venue and throughout the New York City area. It is a competitor of Gregorys.

## STATEMENT OF FACTS

Gregorys' Business and Use of the Marks

17. Gregorys, founded in 2006, is a purveyor of high-quality coffee, coffee-based beverages, and coffee-related products.

18. Gregorys is the owner of the Gregorys Coffee Marks, and has used the Gregorys Coffee Marks in connection with its goods and services since at least August 1, 2011.

19. Gregorys has expended considerable time, investment, and expertise in developing and promoting the Gregorys Coffee Marks.

20. Gregorys promotes its goods and services using the Gregorys Coffee Marks through its website, http://www.gregoryscoffee.com/, as well as through social media sites including Facebook, Twitter, and Instagram. Gregorys has thousands of followers on all three of these social media platforms.

21. Through Gregorys' advertising, marketing, and promotion of its goods and services under the Gregorys Coffee Marks, in addition to the day-to-day operation of its business, the public has come to immediately associate the Gregorys Coffee Marks with Gregorys' high quality goods and services. The Gregorys' Coffee Marks have, as a result, developed extensive good will in the eyes of the public and are among Gregorys' most valuable assets.

22. Gregorys has received positive reviews and media attention regarding its goods and services from a variety of media entities, including Barista Magazine Online, Chase

Business, Thrillest, and various other food and drink-related blogs. A representative sample of third-party press for Gregorys and its products is annexed hereto as **Exhibit A**.

23. Gregorys owns a federal trademark registration for the Design Mark under Registration Number 4,373,967. A true and correct copy of this registration (the "Design Mark Registration") is annexed hereto as **Exhibit B**.

24. USPTO issued the Design Mark Registration to Gregorys on July 30, 2013 for use in connection with:

    a. Paper bags and sacks, plastic or paper bags for merchandise packaging and paper shopping bags;

    b. Clothing, namely, hats, t-shirts and aprons;

    c. Coffee, iced coffee, prepared coffee and coffee-based beverages, roasted coffee beans, espresso, espresso drinks, sandwiches, bread and cakes; and

    d. Coffee shop, restaurant and café services.

25. Gregorys owns a federal trademark registration for the First Glasses Mark under Registration Number 5,117,461. A true and correct copy of this registration (the "First Glasses Mark Registration") is annexed hereto as **Exhibit C**.

26. USPTO issued the First Glasses Mark Registration on January 10, 2017 in connection with food services and food preparations, namely restaurants, cafes, espresso bars, ice cream parlors, caterings, coffee shops, and juice bars.

27. Gregorys filed a trademark application with USPTO for the Second Glasses Mark on November 17, 2016 (the "Second Glasses Mark Application"). A true and correct copy of the USPTO record for the Second Glasses Mark Application is annexed hereto as **Exhibit D**.

28. The Second Glasses Mark Application seeks registration of the Second Glasses Mark for use in connection with the following goods and services:

    a. Paper bags and sacks, plastic or paper bags for merchandise packaging and paper shopping bags;

    b. Clothing, namely, hates, t-shirts and aprons;

    c. Coffee, iced coffee, prepared coffee and coffee-based beverages, roasted coffee beans, espresso, espresso drinks, sandwiches, bread and cakes; and

    d. Coffee shop, restaurant and café services.

29. The Gregorys Coffee Marks are highly unique and distinctive.

30. Gregorys is exclusively entitled to use all intellectual property rights in and to the Gregory's Coffee Marks.

HipCup's Infringing Mark

31. Gregorys recently discovered that HipCup had begun using the Infringing Mark in connection with the sale of HipCup's coffee, coffee-based beverages, and coffee-related products.

32. On February 21, 2017, HipCup filed an application with USPTO to register the Infringing Mark for use with the sale of its coffee, coffee-based beverages, and coffee-related products. A true and correct copy of the USPTO record for HipCup's application ("HipCup's Application") is annexed hereto as **Exhibit E**.

33. On September 13, 2017, Gregorys filed a Notice of Opposition with the USPTO Trademark Trial and Appeal Board opposing HipCup's Application. That proceeding is currently pending.

34. Below is a reproduction of Gregorys' Design Mark, First Glasses Mark, and Second Glasses Mark, all placed alongside HipCup's Infringing Mark:

| Gregorys | HipCup |
|---|---|
| (head with glasses logo) | (Hip Cup logo) |
| (glasses formed by two mugs) | (Hip Cup logo) |
| (glasses formed by two mugs, variant) | (Hip Cup logo) |

35. The Infringing Mark is clearly an altered version of the Design Mark that creates a high likelihood of confusion among consumers.

36. It is also immediately apparent that the Infringing Mark completely incorporates Gregorys' distinctive First and Second Glasses Mark composed of two coffee mugs facing one another to form the shape of glasses. Indeed, the Infringing Mark features a nearly identical glasses design composed of two coffee cups facing one another.

37. Further, both the Design Mark and the Infringing Mark feature the outline of a male face with unruly hair appearing in a circle, in addition to the obvious eyeglasses design overlap.

38. HipCup is using the Infringing Mark to sell the same goods – coffee, coffee-based beverages, and coffee-relate products – as those sold by Gregorys in the same geographic area.

39. Based on the similarity between the Gregorys Coffee Marks and the Infringing Mark, and the parties' related goods and services and overlapping geographic area, the Infringing Mark is likely to cause confusion, mistake, or deception among consumers as to the origin, affiliation, or sponsorship of the parties' respective products and services.

40. Moreover, because Gregorys is known as a source of excellent coffee and coffee-related goods and services, HipCup's Infringing Mark clearly represents HipCup's attempt to misappropriate the goodwill and consumer confidence that Gregorys has spent significant time and resources cultivating.

41. HipCup has used and continues to use the Infringing Mark without seeking or obtaining permission or authorization of any kind from Gregorys.

42. HipCup's conduct constitutes a violation of Gregorys' exclusive rights as owner of the Design Mark and Glasses Mark.

## COUNT I

### Federal Trademark Infringement
### (Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

43. Gregorys repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Gregorys has protected trademark rights in the Gregorys Coffee Marks, and the Gregorys Coffee Marks are highly unique and distinctive.

20040887v.1

45. HipCup's unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake, or deception and constitutes trademark infringement in violation of of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46. HipCup's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Gregorys' rights.

47. Gregorys has been harmed as a direct and proximate result of HipCup's infringements, and Gregorys is accordingly entitled to damages in an amount to be proven at trial, enhanced damages and profits, and reasonable attorneys' fees and costs, together with prejudgment and post-judgment interest.

48. HipCup's conduct is causing immediate and irreparable harm and injury to Gregorys and to its goodwill and reputation, and will continue to both damage Gregorys and confuse the public unless enjoined by this Court.  Gregorys has no adequate remedy at law.  Gregorys is accordingly entitled to preliminary and permanent injunctive relief to restrain and enjoin HipCup's continuing infringing conduct.

## COUNT II

**Federal Unfair Competition and False Designation of Origin**
**(Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

49. Gregorys repeats and realleges paragraphs 1 through 48 above, as though fully set forth herein.

50. HipCup's unauthorized use of the Infringing Mark in commerce, as described above, constitutes use of a false designation of origin and misleading description and representation of fact, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of HipCup's products with Gregorys, and is intended and likely to

cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of HipCup's products.

51. HipCup's conduct is willful, intentional, and purposeful, in disregard of and with indifference to Gregorys' rights.

52. HipCup's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Gregorys has been harmed as a direct and proximate result of HipCup's conduct, and Gregorys is accordingly entitled to damages in an amount to be proven at trial, enhanced damages and profits, and reasonable attorneys' fees and costs, together with prejudgment and post-judgment interest.

54. HipCup's conduct is causing immediate and irreparable harm and injury to Gregorys and to its goodwill and reputation, and will continue to both damage Gregorys and confuse the public unless enjoined by this Court. Gregorys has no adequate remedy at law. Gregorys is accordingly entitled to preliminary and permanent injunctive relief to restrain and enjoin HipCup's continuing infringing conduct.

## COUNT III

**Federal Trademark Dilution**
**(Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))**

55. Gregorys repeats and realleges paragraphs 1 through 54 above, as though fully set forth herein.

56. The Gregorys Coffee Marks are distinctive and are "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57. The Gregorys Coffee Marks became distinctive and famous prior to HipCup's acts as alleged herein.

58. HipCup's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of the Gregorys Coffee Marks.

59. HipCup's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish and are likely to tarnish the Gregorys Coffee Marks by undermining and damaging the valuable goodwill associated therewith.

60. HipCup's conduct is willful, intentional, and purposeful, in disregard of and with indifference to Gregorys' rights.

61. Gregorys has been harmed as a direct and proximate result of HipCup's conduct, and Gregorys is accordingly entitled to damages in an amount to be proven at trial, enhanced damages and profits, and reasonable attorneys' fees and costs, together with prejudgment and post-judgment interest.

62. HipCup's conduct is causing immediate and irreparable harm and injury to Gregorys and to its goodwill and reputation, and will continue to both damage Gregorys and confuse the public unless enjoined by this Court. Gregorys has no adequate remedy at law. Gregorys is accordingly entitled to preliminary and permanent injunctive relief to restrain and enjoin HipCup's continuing infringing conduct.

## COUNT IV

### New York Trademark Infringement

63. Gregorys repeats and realleges paragraphs 1 through 62 above, as though fully set forth herein.

64. Gregorys owns the Gregorys Coffee Marks, and the Gregorys Coffee Marks are highly unique and distinctive.

65. HipCup's unauthorized use of the Infringing Mark in commerce, as described herein, is likely to cause confusion, mistake, or deception among the public.

66. HipCup's conduct constitutes unfair competition, palming off, misappropriation, and infringement of the Gregorys Coffee Marks, and a false designation of origin.

67. HipCup's conduct is willful, intentional, and purposeful, in disregard of and with indifference to Gregorys' rights.

68. By reason of the foregoing, Gregorys has sustained and will continue to sustain immediate and irreparable injury for which it has no adequate remedy at law. HipCup's infringing conduct will continue to both damage Gregorys and confuse the public unless enjoined by this Court.

## COUNT V

### New York Unfair Competition

69. Gregorys repeats and realleges paragraphs 1 through 68 above, as though fully set forth herein.

70. HipCup is engaged in unfair competition with Gregorys by misappropriating or attempting to misappropriate the Gregorys Coffee Marks, and the goodwill and reputation associated therewith, in a manner that is likely to deceive and confuse the public into believing that the Infringing Mark originates with, is sponsored by, licensed by, endorsed by, or otherwise associated with Gregorys.

71. HipCup's conduct is willful, intentional, and purposeful, in disregard of and with indifference to Gregorys' rights.

72. HipCup's conduct has caused and will continue to cause a likelihood of confusion as to the source, origin, and sponsorship of products bearing the Infringing Mark.

73. As a direct and proximate result of HipCup's conduct, Gregorys has suffered damages in an amount to be proven at trial.

## JURY TRIAL DEMANDED

74. Gregorys hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Gregorys prays for judgment against Defendant HipCup as follows:

a. Enjoining Defendant during the pendency of this action and permanently thereafter from using the Infringing Mark or any other mark confusingly similar to the Gregorys Coffee Marks;
b. Enjoining Defendant during the pendency of this action and permanently thereafter from selling products bearing the Infringing Mark or any other mark confusingly similar to the Gregorys Coffee Marks;
c. For an accounting of, and the imposition of constructive trust with respect to, Defendant's profits attributable to its trademark infringement, false designation of origin, and/or unfair competition;
d. For all damages Gregorys has suffered due to Defendant's unlawful acts, with prejudgment interest;
e. For treble, statutory, and punitive damages as authorized by law;
f. For Gregorys' reasonable attorneys' fees, costs, and disbursements in this action;
g. Staying the currently pending proceeding before the USPTO Trademark Trial and Appeal Board; and
h. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 20, 2017

Respectfully submitted,

WHITE AND WILLIAMS LLP

By: _____
Randy M. Friedberg, Esq.
Eric B. Porter, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 714-3079
friedbergr@whiteandwilliams.com
*Attorneys for Plaintiff Gregorys*